UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                              NOT FOR PUBLICATION

RAHSAAN A. SEABURY,

                              Plaintiff,
        -against-                                             MEMORANDUM
                                                              AND ORDER
THE CITY OF NEW YORK,
                                                              06-CV-807 (ERK)
                              Defendant.
----------------------------------------------------------x

Korman, Ch. J.

Plaintiff Rahsaan A. Seabury brings this action *pro se* seeking damages for alleged violations of his federal constitutional rights. Plaintiff has paid the requisite filing fee to commence this action. As set forth below, the complaint is dismissed.

Background

In April 2002, plaintiff was hired by the New York City Board of Education (BOE) as a computer technician. On June 13, 2002, BOE terminated plaintiff from this position. Since that time, plaintiff has filed three cases. In the first action, Seabury v. New York City, et al., No. 03-CV-4644 (ERK), I dismissed plaintiff's Title VII employment discrimination complaint for failure to comply with orders regarding discovery. In the second action, Seabury v. New York City, et al., No. 04-CV-5569 (ERK), I dismissed the complaint as frivolous because plaintiff sought to reverse a state court order dismissing an action arising out of his BOE termination. Seabury v. New York City, et al., Index No. 30315/03. In the third action, Seabury v. County of Suffolk, et al., No. 05-CV-4016 (ERK), I dismissed plaintiff's claims as frivolous concerning criminal conduct and employment discrimination by a different employer but allowed him to replead within 20 days. Plaintiff failed to replead and judgment dismissing the action was entered on January 5, 2006.

1

On February 24, 2006, plaintiff paid the $250 filing fee and initiated this action. Although the complaint is 29 pages long and attaches numerous exhibits, it is clear that the instant action is plaintiff's attempt to relitigate the claims filed under 03-CV-4644 and 04-CV-5569. He seeks damages and injunctive relief, including reinstatement in his former position of computer technician with the BOE. The bulk of plaintiff's complaint consists of statements regarding documents submitted for filing in the 03-CV-4644 and 04-CV-5569 cases. See Complaint at 2-5. For example, plaintiff argues that he filed a "sworn" complaint but that he was not served with a "sworn" answer in 03-CV-4644 and 04-CV-5569. Id. at 5-6, 22. "It is plaintiff's assertion and contention that ... defendants have not 'personally served' the plaintiff with any 'sworn' papers" and as such, "defendants have violated his rights under the 5th, 6th and 14th Amendment." Id. at 7. Plaintiff's remaining claims are of a similar vein. Id. at 8-15, 19-26.

Discussion

Even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998). However, when a plaintiff is proceeding *pro se*, the complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Here, even a liberal reading of plaintiff's allegations does not give any indication that a valid claim might be stated. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Plaintiff's allegations of constitutional violations are frivolous because they lack an arguable basis in law or fact. If plaintiff was dissatisfied with the outcomes in his prior cases, his remedy was to appeal to the Court of Appeals, not to commence a new action.

2

In any event, plaintiff has not provided any facts to hold defendant liable for constitutional violations. In order to state a civil rights claim against the City of New York pursuant to 42 U.S.C. § 1983, plaintiff must allege a constitutional violation by a municipal employee resulting from a policy or custom of the municipality. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978); DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002). Plaintiff has not alleged any acts or omissions pursuant to any municipal policy or custom. Therefore, there is no basis in law or fact for any claims against the City of New York.

Conclusion

Because of the nature of plaintiff's allegations, amendment of the complaint would be futile. Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003). Accordingly, the complaint is dismissed as frivolous pursuant to Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). Defendant's request to extend the time to respond to the complaint until April 16, 2006 is denied as moot. The Clerk of Court is directed to close this case.

Dated: Brooklyn, New York
March 17, 2006

SO ORDERED.

s/Edward R. Korman
Edward R. Korman
United States District Judge

Copies to:

The City of New York
Law Department
Attn: Jonathan Bardavid
Assistant Corporation Counsel
100 Church Street
New York, NY 10007


Rahsaan A. Seabury
2 Victoria Circle
East Patchogue, NY 11772